Juan MENDEZ; Mercedes Cruz; Maximo Guerrero; Felipe Figueroa; Heriberto Laboy; Marcel Hippolyte; Sandro Rivera; Lucho Hernandez; Georgie Anthony Acosta; Shawn Smith; Marcelo Landers; Orlando Pagan; Michael Bynoe; Elrod Baptiste; Bertril William; Thomas Duparl; Joseph Nicholas; Orson Orlando Flemming; Gregory La Force; Pius Aurelien; Catherine Sabin; Miguel Liriano; Josh Gondelec; Nathaniel Hobson; Mark Vitalis; Mar-

co Rijo; Sabino Castillo; Ira Claxton; Alfred James; Humberto Ortiz; Joseph Oscar; Ernesto Rodriguez; Sencion Guerrero; Alfredo Diaz; Cyril Thomas; Sostenes Montilla; Angel Oscar Lopez Velasquez; Angel Oscar Martinez Velasquez; Keith Louis Simon, Jr.; Jorge Rodriguez; Robert L. Jones Charlesman; Waldemar Olmeda; Rodolf R. Kock; Luis A. Medina; Bienvenido Carrasco; Raquel Concepcion; Jose Gonzalez; Carlos Garcia

v.

PUERTO RICAN INTERNATIONAL COMPANIES, INC.; Fluor Corporation, d/b/a Fluor Daniel Construction; Plant Performance Services LLC (P2S); Hovensa LLC (D.V.I. No. 1–05–cv–00174)

Shawn Smith; Michael Bynoe

v.

Puerto Rican International Companies; Fluor Corporation, d/b/a Fluor Daniel Construction; Plant Performance Services LLC; Hovensa LLC (D.V.I. No. 1–05–cv–00199)

Fluro Corporation; Plant Performance Services LLC, Appellants.

No. 10–3169.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 11, 2011.

Filed July 21, 2011.

Ryan W. Greene, Esq., Lee J. Rohn, Esq., Anna Washburn, Esq., Law Offices of Rohn & Carpenter, Christiansted, VI, for Appellees.

Charles E. Engeman, Esq., Ogletree, Deakins, Nash, Smoak & Stewart, St. Thomas, VI, for Appellants.

Maxwell D. McIntosh, Esq., Linda J. Blair, Esq., Bryant, Barnes, Beckstedt & Blair, St. Croix, VI, for Defendants.

Before: SCIRICA, RENDELL and AMBRO, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

Appellants Plant Performance Services, LLC ("P2S") and Fluor Corporation seek reversal of an order denying their request for a stay pending arbitration. We will affirm.

### I.

Plaintiffs are a group of employees who applied to work for companies servicing the HOVENSA, LLC, refinery in St. Croix. From June through October 2004, the plaintiffs worked for defendant Puerto Rican International Companies, Inc. ("PIC") at the refinery. Defendant P2S, a subsidiary of defendant Fluor Corporation, contracted to perform work at the HOVENSA refinery and subcontracted the work to PIC.

Plaintiffs brought claims for discrimination under Title VII, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981 against PIC, P2S, Fluor, and HOVENSA. P2S and Fluor sought to stay the suit under § 3 of the Federal Arbitration Act, 9 U.S.C. § 3, contending plaintiffs had agreed to arbitrate their claims. However, defendants could only produce agreements with respect to eight of the forty-nine plaintiffs, and the remaining forty-one plaintiffs provided affidavits averring they had not agreed to arbitrate their claims. The District Court denied the stay pending arbitration with respect to these forty-one plaintiffs. P2S and Fluor appealed, and we affirmed the court's order. *Mendez v. Puerto Rican Int'l Cos., Inc.*, 553 F.3d 709 (3d Cir.2009).

On remand, P2S and Fluor moved to stay proceedings by eleven plaintiffs who had signed dispute resolution agreements (DRAs) with other companies. In these

DRAs plaintiffs agreed to arbitrate disputes arising from their application for or subsequent employment at the HOVENSA refinery by these other companies.[1] These eleven plaintiffs signed the DRAs when applying for employment or working for Wyatt VI, Inc., or Triangle Construction & Maintenance, Inc., two other contractors on the HOVENSA refinery not named as defendants in this suit. One of the plaintiffs, Carlos Garcia, signed a DRA in 2003 in connection with employment by Wyatt at the refinery, prior to working for PIC. The ten other plaintiffs'[2] agreements were signed on various dates ranging from 2005 to 2008, all ten after their employment with PIC ended.

The District Court denied defendants' motion for a stay pending arbitration. It did not reach the issue of whether P2S and Fluor were beneficiaries of the Wyatt and Triangle DRAs. It found that the DRAs, which lacked explicit durational language, applied only to disputes arising during the actual employment transaction for which the plaintiffs signed the DRAs. Accordingly, it found the period for which Garcia promised to arbitrate disputes terminated in 2003 when his employment with Wyatt terminated. It found the remaining plaintiffs' DRAs, not being in effect until 2005 or later, did not apply retroactively and therefore did not encompass their claims against P2S or Fluor for conduct in 2004.

## II.

P2S and Fluor contend they were third-party beneficiaries of the plaintiffs' DRAs with Wyatt or Triangle and that the court erred in denying their motion by limiting the temporal scope of these DRAs.[3]

"[T]he central or 'primary' purpose of the FAA is to ensure that 'private agreements to arbitrate are enforced according to their terms.'" *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.,* —— U.S. ——, 130 S.Ct. 1758, 1773, 176 L.Ed.2d 605 (2010) (quoting *Volt Info. Sci., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.,* 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)). "In this endeavor, 'as with any other contract, the parties' intentions control." *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)).

Both DRAs make clear the agreements were in anticipation of plaintiffs' interview or subsequent employment with Wyatt or Triangle. The Wyatt DRA states in the relevant portion:

> Regardless of whether Wyatt offers me employment, both Wyatt and I agree to resolve any and all claims, disputes, or controversies arising out of or relating to: (1) my application or candidacy for employment; (2) an alleged wrongful decision not to hire me; (3) any statutory claim for discrimination or harassment

---

1. Originally, PS2 and Flour sought a stay with respect to fifteen plaintiffs, but withdrew their motion as to four plaintiffs who did not appear to have signed the agreements defendants produced.

2. These plaintiffs are Marco Rijo, Keith Simon, Orson Flemming, Miguel Liriano, Cyril Thomas, Michael Bynoe, Alfred James, Heriberto Laboy, Sostenes Montilla, and Catherine Saban.

3. We have jurisdiction over this interlocutory appeal under § 16 of the FAA, 9 U.S.C. § 16(a)(1)(A), which provides for review of the denial of a motion for a stay pending arbitration alleging a prima facie case of entitlement to arbitration. *Mendez,* 553 F.3d at 710. Because this presents a legal question concerning the enforceability of an arbitration agreement, our standard of review is plenary. *Edwards v. HOVENSA, LLC,* 497 F.3d 355, 362–63 (3d Cir.2007) (citing *Harris v. Green Tree Fin. Corp.,* 183 F.3d 173, 176 (3d Cir. 1999)).

on the basis of age, sex, race, color, religion, disability, or national origin under by [sic] state, federal, or territorial law that are pursued outside the grievance and arbitration provisions of the CBA; and (4) any claim for personal injury or property damage arising in any way from my presence at the HOVENSA refinery that are not covered by the CBA; exclusively by final and binding arbitration. . . .

The Triangle DRA states:

I recognize that differences may arise between Triangle and me in relation to my application for employment or any possible subsequent employment. Both Triangle and I agree to resolve any and all claims, disputes, or controversies, arising out of or relating to my application or candidacy for employment, the terms and conditions of any offer of employment, the relationship between me and Triangle, any termination of my employment with Triangle, my presence at [t]he HOVENSA refinery, or any related matter, exclusively by final and binding arbitration. . . .

We agree with the District Court's interpretation of the agreements. While these agreements lack specific durational language, principles of contract interpretation and the agreement themselves support that plaintiffs did not agree to arbitrate the claims arising in 2004.

The DRAs do not apply to events prior to the plaintiffs applications for employment with Wyatt or Triangle. "Words and other conduct are interpreted in the light of all the circumstances, and if the principal purpose of the parties is ascertainable it is given great weight." Restatement (Second) Contracts of § 202. Arbitration agreements generally do not reach back to preexisting disputes without indication that such disputes are within the scope of the arbitration clause. *See, e.g., Peerless Imps. Inc. v. Wine, Liquor & Distillery Workers Union Local One*, 903 F.2d 924, 928 (2d Cir.1990). Both DRAs make clear the purpose of the agreement is to resolve disputes related to interviewing with or working for Triangle or Wyatt. The Wyatt DRA prefaces the agreement with the statement "[r]egardless of whether Wyatt offers me employment." The Triangle DRA expressly states it applies to ensuing, not preexisting, disagreements by limiting it to disputes "in relation to [plaintiff's] application ... or any possible subsequent employment." The references to presence at the HOVENSA refinery must be read in light of this purpose—employment at the non-defendant contractors. The argument that plaintiffs and non-defendant contractors mutually assented to arbitrate preexisting disputes arising from prior employment with other contractors lacks support in both the text of the DRAs and the context of the transactions. Accordingly, the court correctly construed plaintiffs' promises to arbitrate as coinciding with the plaintiffs' transactions with Wyatt or Triangle.

Plaintiff Carlos Garcia similarly did not contract to arbitrate his disputes with P2S and Fluor even though he signed a DRA with Wyatt before 2004. As noted, the Wyatt DRA was a promise to arbitrate claims arising from plaintiffs' interview or employment with Wyatt. When Garcia's employment by Wyatt ended in 2003, the DRA and Garcia's duty to arbitrate new claims arising from his presence at the refinery ceased. *See Litton Fin. Printing Div. a Div. of Litton Bus. Sys., Inc. v. N.L.R.B.*, 501 U.S. 190, 206, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991) ("[A]n expired contract has by its own terms released all its parties from their respective

contractual obligations, except obligations already fixed under the contract but as yet unsatisfied."). Accordingly, claims arising out of his presence at the HOVENSA refinery for employment with another company months later were not within the scope of the agreement.

**III.**

For the foregoing reasons, we will affirm the court's denial of defendants' motion for a stay pending arbitration.