IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

April 15, 2025 11:32 AM
SCT-Civ-2022-0038
**VERONICA HANDY, ESQUIRE**
**CLERK OF THE COURT**

**For Publication**

## IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| **ALANI HENNEMAN-TODMAN,** | ) S. Ct. Civ. No. 2022-0038 |
| Appellant/Plaintiff, | ) Re: Super. Ct. Civ. No. 583/2019 (STT) |
| | ) |
| v. | ) |
| | ) |
| **SHERYL O'BRYAN-JOHNSON, TRUSTEE,** | ) |
| **ELSA D. O'BRYAN REVOCABLE TRUST,** | ) |
| Appellee/Defendant. | ) |
| | ) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas and St. John
Superior Court Judge: Hon. Sigrid M. Tejo

Considered: November 12, 2024
Filed: April 15, 2025

Cite as: 2025 VI 10

BEFORE: **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and
**IVE ARLINGTON SWAN**, Associate Justice.

APPEARANCES:

**Joseph Caines, Esq.**
Law Offices of Joseph Caines, P.C.
St. Thomas, V.I. 00803
*Attorney for Appellant*,

**Jessica Tully, Esq.**
Tully Law, PLLC
St. Thomas, V.I. 00803
*Attorney for Appellee*.

## OPINION OF THE COURT

**CABRET, Associate Justice.**

¶ 1 Appellant, Alani Henneman-Todman ("Henneman-Todman") appeals from the June 14,

2022, memorandum opinion and order of the Superior Court, which disqualified Attorney Joseph

Caines from representing Henneman-Todman and a June 10, 2022 order that denied her request to amend her complaint in her action against Appellee, Sheryl O'Bryan-Johnson ("O'Bryan-Johnson"). For the reasons stated below, we dismiss the appeal for lack of jurisdiction.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

¶ 2     In 2001, Elsa O'Bryan ("Mrs. O'Bryan") created the Elsa D. O'Bryan Revocable Trust to plan for the administration of her estate. Mrs. O'Bryan owned Parcel No. 1-15 Estate Wintberg, located on St. Thomas and comprised of two units: 1-15A and 1-15B. With the assistance of Attorney Joseph Caines, she transferred the property into the trust and named herself as trustee and her eldest child, Sheryl O'Bryan-Johnson, as successor trustee. The trust provided that upon the death of Mrs. O'Bryan, "the Trustee shall distribute the trust property outright to the beneficiaries," who are Mrs. O'Bryan's three children: Sheryl O'Bryan-Johnson, Carol O'Bryan-Henneman, and James A. O'Bryan, Jr.[1]

¶ 3     In 2014, due to a decline in her health, Mrs. O'Bryan required full-time care, so her granddaughter, Alani Henneman-Todman, who also resided on St. Thomas, agreed to move into Unit 1-15B to care for her ailing grandmother. According to Henneman-Todman, she reached an agreement with her maternal aunt, O'Bryan-Johnson, that in return for taking care of Mrs. O'Bryan, Henneman-Todman could continue to live in Unit 1-15B after Mrs. O'Bryan's passing. However, Unit 1-15B of the Wintberg property was in disrepair and Henneman-Todman allegedly

---

[1] Section 7.2 of the Elsa D. O'Bryan Revocable Trust states that "[u]pon the death of the Settlor, the Trustee shall distribute the trust property outright to the beneficiaries." Section 7.1 lists the beneficiaries of the Trust as Sheryl O'Bryan-Johnson, Carol O'Bryan-Henneman, and James A. O'Bryan, Jr. Section 7.1 further provides that "[i]f one child fails to survive the Settlor, the trust property shall be equally divided and given to the two surviving children. If two children predecease the Settlor, all of the trust property shall be given to the surviving child. If none of the Settlor's children survives the Settlor, the property shall be given to her grandchildren."

spent significant sums of her personal funds to update and renovate the unit so that she could move in to care for her grandmother, who resided in the other unit.

¶ 4     On April 27, 2019, Mrs. O'Bryan passed away and O'Bryan-Johnson listed the Wintberg property for sale in accordance with her role as successor trustee of the Elsa D. O'Bryan Revocable Trust.[2] On October 16, 2019, Henneman-Todman filed suit in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John against O'Bryan-Johnson, not individually but as trustee of the Elsa D. O'Bryan Revocable Trust, alleging that O'Bryan-Johnson violated the agreement to allow Henneman-Todman to live in Unit 1-15B after Mrs. O'Bryan's death. Specifically, Henneman-Todman brought several contract, tort and equitable claims[3] against O'Bryan-Johnson seeking compensatory damages and restitution. In response, O'Bryan-Johnson moved to dismiss the case and disqualify Attorney Joseph Caines as counsel for Henneman-Todman, claiming that Attorney Caines had a conflict of interest due to his responsibilities to his former client, Mrs. O'Bryan, as the attorney that drafted the Elsa D. O'Bryan Revocable Trust. Henneman-Todman countered that Attorney Caines did not have a conflict of interest because Mrs. O'Bryan was not a current client of Attorney Caines, and the suit was intended to be solely against O'Bryan-Johnson.

---

[2] Article XI of the Elsa D. O'Bryan Revocable Trust defines the powers of the trustee. Section 11.4 states that "[a]ny successor Trustee shall succeed as Trustee with like effect as though originally named in this Instrument as such. All authority and powers conferred upon the original Trustee hereunder shall pass to any successor Trustee." Section 11.2, in relevant part, provides that "the Trustee is authorized, in her discretion…to sell, with or without notice, on such terms and conditions and at such time or times as the Trustee shall determine, the whole [sic] [p]ortion or portions of any property, real or personal, which may at any time form part of the Trust Estate." Under Section 11.2, O'Bryan-Johnson was within her rights as successor trustee to list the property for sale.

[3] Henneman-Todman sued O'Bryan-Johnson for (1) breach of contract; (2) conversion; (3) fraud; (4) negligent misrepresentation; (5) fraudulent misrepresentation; and (6) unjust enrichment and sought a judgment against O'Bryan-Johnson for compensatory damages and restitution.

¶ 5     On December 8, 2021, the Superior Court held a status conference to address the pending motions in the case, including O'Bryan-Johnson's motion to disqualify Attorney Caines. O'Bryan-Johnson argued that Attorney Caines' representation of Henneman-Todman was "a very clear violation of [the] duties owed to former clients" because Attorney Caines was "the family attorney" and "now is coming forward to represent a third party against the trust" when it is "likely" that he will be needed to testify as a witness. Attorney Caines, on behalf of Henneman-Todman, argued that he did not have a conflict of interest sufficient to disqualify him because his knowledge about the trust did not give him any advantage in his representation of Henneman-Todman since Mrs. O'Bryan's intent was clearly stated in the trust document. Furthermore, Attorney Caines countered that he was not seeking to invalidate the trust, and just intended to sue O'Bryan-Johnson individually because she breached the agreement she made with Henneman-Todman. At the close of the hearing, Attorney Caines asked the Superior Court "to amend the complaint to make it clear that the cause of action is against Mrs. O'Bryan-Johnson in her individual capacity" and not in her role as trustee. The Superior Court denied the oral motion and directed Attorney Caines to file a motion in writing, which he filed on December 21, 2021.

¶ 6     On June 14, 2022, the Superior Court granted O'Bryan-Johnson's motion to disqualify Attorney Caines after finding that he had violated Rule 211.1.7[4] of the Virgin Islands Rules of

---

[4] Rule 211.1.7 of the Virgin Island Rules of Professional Conduct states:

    a.  Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

        1.  the representation of one client will be directly adverse to another client; or

        2.  there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

    b.  Notwithstanding the existence of the concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

        1.  the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

Professional Conduct, which prohibits concurrent conflicts of interest. According to the Superior Court, because Attorney Caines drafted the trust, he had intimate knowledge about it, and consequently his representation of Henneman-Todman bore a "significant risk of being 'materially limited' by his former representation of Mrs. O'Bryan." The Superior Court was not persuaded by Attorney Caines' argument that he was not seeking to invalidate the trust because "[d]espite Attorney Caines' intention to sue Johnson as an individual . . . Attorney Caines sued O'Bryan-Johnson as a trustee." In a separate order, the Superior Court denied the motion to amend the complaint because Attorney Caines was disqualified from the representation. Henneman-Todman timely filed a notice of appeal on July 8, 2022.[5]

## II.   DISCUSSION

### A. Jurisdiction and Standard of Review

¶ 7    The Supreme Court may not consider the merits of an appeal unless it first determines that it has jurisdiction. *Richards v. People*, 74 V.I. 539, 544 (V.I. 2021) (citing *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008)). The Supreme Court has jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court." 4 V.I.C. § 32(a). The Supreme Court also has jurisdiction of appeals from certain interlocutory orders, such as granting an injunction or receivership. 4 V.I.C. § 33(b). When the

---

2.  the representation is not prohibited by law;

3.  the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

4.  each affected client gives informed consent, confirmed in writing.

(emphasis added).

[5] On March 29, 2023, we dismissed the appeal for Henneman-Todman's failure to prosecute in accordance with the deadlines in the docketing order. On February 1, 2024, we granted Henneman-Todman's motion to vacate and reopened this appeal.

*Henneman-Todman v. O'Bryan-Johnson*        2025 VI 10
S. Ct. Civ. No. 2022-0038
Opinion of the Court
Page **6** of **13**

Superior Court certifies a controlling question of law for appellate review pursuant to 4 V.I.C. § 33(b), the Supreme Court, in its discretion, may permit an appeal.

## B. Final Order

¶ 8      Henneman-Todman is appealing the Superior Court's order disqualifying Attorney Caines and the order denying her motion to amend the complaint as final orders. To determine whether we have jurisdiction, we must first consider whether these orders are final orders under 4 V.I.C. § 32(a). *Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.*, 68 V.I. 584, 592 (V.I. 2018); *Allen v. HOVENSA, L.L.C.*, 59 V.I. 430, 434 (V.I. 2013); *Etienne v. Etienne*, 56 V.I. 686, 690 (V.I. 2012). An order is considered final pursuant to 4 V.I.C. § 32 if "it ends the litigation on the merits leaving nothing else for the court to do except execute the judgment." *Malek v. Romano*, 70 V.I. 1033, 1038 (V.I. 2019) (quoting *In re Adoption of L.O.F.*, 62 V.I. 655, 659 (V.I. 2015)); *Antilles School, Inc. v. Lembach*, 64 V.I. 400, 408 (V.I. 2016) (concluding that the Superior Court's order was final because it adjudicated "all of the issues between the parties" in a negligence case). The requirement embodied in 4 V.I.C. § 32(a) is commonly referred to as the final judgment rule or the finality requirement. *Enrietto v. Rogers Townsend & Thomas, PC*, 49 V.I. 311, 315 (V.I. 2007). This principle means that "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Id.* (quoting *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 429-30 (1985)). The final judgment rule aims to ensure judicial efficiency by avoiding "piecemeal appellate review of trial court decisions." *Id.* (quoting *Richardson-Merrell*, 472 U.S. at 430). As the Supreme Court of the United States explained the rationale for the rule, "[i]mmediate review of every trial court ruling, while permitting more prompt correction of

erroneous decisions, would impose unreasonable disruption, delay, and expense." *Richardson-Merrell*, 472 U.S. at 430.

¶ 9     Henneman-Todman asserts that we have jurisdiction over this appeal because the order disqualifying Attorney Caines and the order denying the motion to amend are final orders. We disagree. In support of her position, Henneman-Todman relies on our decision in *Allen*, where we determined that a Superior Court order that dismissed all claims of a party and confirmed an arbitration award was a final order. 59 V.I. at 434. We reasoned that because the order "resolved all outstanding claims between the parties, it qualifie[d] as a final judgment." *Id.* In *Allen*, both parties had an opportunity to present their full case to the arbitrator before the arbitrator dismissed the case. *Id.* Unlike the arbitrator in *Allen*, here the Superior Court did not dismiss any of Henneman-Todman's claims. And in this case, Henneman-Todman filed this appeal before the Superior Court had even considered any of her claims. In fact, it appears from a review of the Superior Court docket that discovery has not even begun. Clearly, *Allen* does not apply here because all the issues in this case still require resolution.

¶ 10    But although *Allen* is inapplicable to the orders appealed in this case, we have nonetheless previously considered the discrete issue of whether an attorney disqualification order in a civil case qualified as a final order for appellate review. *See In re Le Blanc*, 49 V.I. 508 (V.I. 2008). In that case, one of the issues before us was whether we should "allow[] an interlocutory appeal from [an] order disqualifying a counsel of record." *Id.* at 514. Ultimately, we held that the petitioners could file an appeal of the disqualification order after a final judgment had been entered. *Id.* at 518. We relied extensively on the reasoning of the United States Supreme Court in *Richardson-*

*Merrell,* where the Supreme Court stated definitively that "[a]n order disqualifying counsel in a civil case is <u>not</u> a final judgment on the merits of the litigation." 472 U.S. at 430 (emphasis added).

¶ 11     Here, we reiterate that an order disqualifying an attorney in a civil case is not a final order. To conclude otherwise would be to encourage piecemeal litigation in the context of a civil case.[6] Because Henneman-Todman pled civil causes of action, the disqualification order is best left for determination at the conclusion of the case, after a final order has been entered resolving all of her claims. Although the Superior Court disqualified Attorney Caines, the case remains in the discovery stage, and no final judgment or order has been entered.

¶ 12     Similarly, the Superior Court's denial of the motion to amend the complaint is not a final order that vests us with jurisdiction to hear this appeal.[7] A denial of a motion to amend is a procedural matter that we consider on appeal in the course of "reviewing all claims of error that are properly presented in a notice of appeal following a final judgment by the Superior Court." *Reynolds v. Rohn,* 70 V.I. 887, 892 (V.I. 2019) (citing *Enrietto,* 49 V.I. at 315) (affirming the Superior Court's denial of the motion for leave to amend the complaint after a final order in the case); *see also Basic Services, Inc. v. Gov't of the V.I.,* 71 V.I. 652, 666 (V.I. 2019) (reviewing the Superior Court's denial of a motion to amend as one allegation of error following a final judgment in the case). The denial of a motion to amend resolved a single procedural issue and did not resolve the remaining claims between the parties. Indeed, all of the claims in Henneman-Todman's complaint remain pending in the Superior Court. Therefore, neither the order disqualifying

---

[6] This conclusion applies only in the context of civil cases and is not intended to apply to other forms of action. *See In re Garcia,* 2025 V.I. 8, ¶ 37-39 (V.I. 2025).

[7] We lack jurisdiction over this appeal; therefore, we cannot proceed to consider the merits of the Superior Court's denial of Henneman-Todman's motion to amend the complaint.

Attorney Caines nor the order denying Henneman-Todman's motion to amend the complaint

qualify as a final order under 4 V.I.C. § 32(a).

## C. Collateral Order Doctrine

¶ 13    Although not explicitly raised by the parties in their briefs, because this Court is always

"obligated to examine whether it has subject matter jurisdiction over [a] dispute" and is always

empowered to so *sua sponte*, *Clarke v. Lopez*, 73 V.I. 512, 515 (V.I. 2020), even where a litigant

"fails to set forth any argument" on the question, *World Fresh Market v. P.D.C.M. Assocs. S.E.*,

2011 V.I. Supreme LEXIS 29, at *4 (V.I. Aug. 25, 2011) (acknowledging this Court's "independent

obligation to ascertain whether an alternate basis for jurisdiction may exist" in an appeal), we next

consider the applicability of the collateral order exception to the final judgment rule, to determine

whether there is any basis to establish jurisdiction over this appeal. *See Gourmet Gallery Crown

Bay*, 68 V.I. at 594-96 (applying the collateral order doctrine); *In re Holcombe*, 63 V.I. at 815-18

(same); *Enrietto*, 49 V.I. at 319-21 (same). The collateral order doctrine is an exception to the final

judgment rule that confers jurisdiction to review "a small class of prejudgment orders which finally

determine claims of right separable from, and collateral to, rights asserted in the action, and are

too important to be denied review and too independent of the cause itself to require that appellate

consideration be deferred until the whole case is adjudicated." *In re Holcombe*, 63 V.I. at 815

(quoting *Beachside Assocs. v. Fishman*, 53 V.I. 700, 709 (V.I. 2010)). As the Supreme Court of the

United States has stated, the collateral order doctrine is a "narrow exception." *Richardson-Merrell*,

472 U.S. at 430 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

¶ 14    For the collateral order doctrine to apply, an order must: "(1) conclusively determine the

disputed question; (2) resolve an important issue completely separate from the merits of the action;

and (3) be effectively unreviewable on appeal from a final judgment." *Richardson-Merrell*, 472 U.S. at 430 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). "[A] failure to meet even one of the three factors renders the doctrine inapplicable as a basis for appeal, no matter how compelling the other factors may be." *Enrietto*, 49 V.I. at 319-20 (citing *Gov't of the V.I. v. Hodge*, 359 F.3d 312, 320 (3d Cir. 2004)).

¶ 15     In this case, the Superior Court's June 14, 2022 order[6] disqualifying Attorney Caines conclusively decided that Attorney Caines could not serve as counsel for Henneman-Todman given his conflict of interest and thus satisfies the first factor of the collateral order doctrine. *Firestone*, 449 U.S. at 375-76 ("An order denying a disqualification motion meets the first part of the 'collateral order' test …because the only issue is whether challenged counsel will be permitted to continue his representation."); *see also Gourmet Gallery Crown Bay, Inc.*, 68 V.I. at 595 ("The order here satisfies the first requirement of the collateral order doctrine because it conclusively determines the disputed question of whether a commercial tenant can escrow rent pending litigation.").

¶ 16     As to the second factor, whether the disqualification order resolves an important issue separate from the merits, we conclude that it does not. As O'Bryan-Johnson argued at the hearing before the Superior Court, Attorney Caines may be called as a witness if the case were to proceed to trial. This fact makes it difficult to extricate the motion to disqualify from the merits of the case. As the Supreme Court has observed in the context of civil cases: "[o]rders disqualifying attorneys

---

[6] In the analysis of the collateral order doctrine factors, we limit our discussion to the order granting O'Bryan-Johnson's motion to disqualify Attorney Caines because the order denying the motion to amend flows from the Superior Court's decision to disqualify Attorney Caines based on his conflict of interest. Also, the denial of the motion to amend does not fit within the narrow confines of the collateral order doctrine. *Richardson-Merrell*, 472 U.S. at 430 (citations omitted).

on the ground that they should testify at trial, for example, are inextricable from the merits because they involve an assessment of the likely course of the trial and the effect of the attorney's testimony on the judgment." *Richardson-Merrell*, 472 U.S. at 439 (citing *Kahle v. Oppenheimer & Co.*, 748 F.2d 336, 339 (6th Cir. 1984)). *See also Flores Rental, L.L.C. v. Flores*, 153 P.3d 523, 532 (Kan. 2007) ("As concluded in *Richardson-Merrell*, under the circumstances of this case where the motion for disqualification arises because an attorney may be a witness, the second prong of the test cannot be met: the merits are inextricably intertwined with the merits of the case. Thus, there is no appellate jurisdiction in this case under the collateral order doctrine."); *Vaccone v. Syken*, 899 A.2d. 1103, 1107 (Pa. 2006) ("[I]n many cases, orders disqualifying counsel will not be separable from the merits of the litigation, and that is particularly the case here where the order is based on the likelihood that the attorney . . . would be called to testify at trial.). In such a case, the disqualification order is indeed inextricable from the merits of the case because it would be impossible to determine the impact that the attorney's testimony would have on the outcome of the case."). If this case were to proceed to trial, Attorney Caines could be called to testify about his personal relationship with Mrs. O'Bryan and her intentions at the time that the trust was created. As counsel for O'Bryan-Johnson argued before the Superior Court, "[Attorney Caines] has a good deal of personal knowledge based on having to have the conversations that you have when you prepare a trust agreement which is the intention of the party." Now, after Attorney Caines "effectuated [Mrs. O'Bryan's intent] with a trust agreement," he seeks "to undermine it by representing a party against the trust." Also, we cannot conclusively determine the effect that Attorney Caines' testimony would have on this case before it is given. For these reasons,

Henneman-Todman cannot satisfy the second factor of the collateral order doctrine to enable us to review the disqualification order on appeal.

¶ 17     The collateral order doctrine does not apply if the party seeking review cannot satisfy all three factors. *Gourmet Gallery Crown Bay, Inc.*, 68 V.I. at 596 (citing *Enrietto,* 49 V.I. at 319-20; *Hodge*, 359 F.3d at 320). Although we conclude that Henneman-Todman cannot satisfy the second factor of the collateral order doctrine, concerns of judicial economy and providing helpful guidance to the Virgin Islands bench and bar in future cases nevertheless warrant us briefly addressing the third factor: whether an order disqualifying an attorney can be effectively reviewed on appeal from a final judgment.[8] *See Richardson-Merrell*, 472 U.S. at 438. We have previously held that disqualification orders in civil cases are reviewable on appeal from a final judgment. *See e.g. Enrietto*, 49 V.I. at 320 ("[T]he order disqualifying Farrell and Enrietto from participating in litigation decisions can be effectively reviewed on appeal from a final judgment."); *In re Le Blanc*, 49 V.I. at 519 (ruling that the petitioners should seek appellate review of an order disqualifying counsel after the entry of a final judgment). In this case, the Superior Court's decision to disqualify Attorney Caines is reviewable following a final judgment. Because the disqualification order here cannot be separated from the merits of this case and is reviewable following a final judgment, we do not have jurisdiction to consider this appeal through the collateral order doctrine.

## III.     CONCLUSION

¶ 18     Because the Superior Court's order disqualifying Attorney Caines as counsel and the order denying the motion to amend the complaint are not appealable final orders under 4 V.I.C. § 32(a),

---

[8] We decline to address the issue of whether an attorney disqualified from representing a party at the Superior Court can continue to represent that party on appeal because it was not raised or briefed by either party. Considering our decision to dismiss the case for lack of jurisdiction, it is not necessary to reach that unbriefed issue of first impression.

nor appealable interlocutory orders, and because the orders do not satisfy the requirements for

review under the collateral order exception to the final judgment rule, we do not have jurisdiction.

Accordingly, we dismiss the appeal for lack of jurisdiction.

**Dated this 15th day of April, 2025.**

**BY THE COURT:**

**MARIA M. CABRET**
**Associate Justice**

**ATTEST:**
**VERONICA J. HANDY, ESQ.**

**Clerk of the Court**
**By:**
**Deputy Clerk II**
**Dated:** 4-15-25