IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

August 20, 2025 03:36 PM
SCT-Civ-2023-0107
DALILA E. PATTON, ESQUIRE
ACTING CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| REYNITA CLARK; ALEXANDER WILLIAMS; TIFFAN MAPP; ROBERT NESBITT; and IEASHA DASHIELL SMITH, <br> Appellants/Plaintiffs, <br><br> v. <br><br> FIDELITY AND GUARANTY INSURANCE UNDERWRITERS d/b/a TRAVELERS AND CRAWFORD (V.I.) INC., <br> Appellees/Defendants. | S. Ct. Civ. No. 2023-0107 <br> Re: Super. Ct. Civ. No. 0305/2020 (STT) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas and St. John
Superior Court Judge: Hon. Sigrid M. Tejo

Argued: April 08, 2025
Filed: August 20, 2025

Cite as 2025 VI 15

BEFORE:    **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **HAROLD W.L. WILLOCKS**, Associate Justice.

APPEARANCES:

**Francis E. Jackson Jr., Esq.**
Law Offices of Francis E. Jackson Jr.
St. Thomas, U.S.V.I.
        *Attorney for Appellants*,

**Chivonne A.S. Thomas, Esq. (Argued)**
**Jennifer Miller Brooks, Esq.**
**Tracy Myers, Esq.**
Hamilton, Miller & Birthisel, VI P.C.
Miami, FL
        *Attorneys for Appellee Travelers,*

**Matthew J. Duensing, Esq.**
Law Offices of Duensing & Casner
St. Thomas, U.S.V.I.

*Clark et al. v. Fidelity and Guaranty Insurance*     2025 VI 15
*Underwriters d/b/a Travelers et al.*
S. Ct. Civ. No. 2023-0107
Opinion of the Court
Page 2 of 13

*Attorney for Appellee Crawford (V.I.) Inc.*

## OPINION OF THE COURT

**HODGE, Chief Justice.**

¶ 1     Appellants Reynita Clark, Alexander Williams, Tiffan Mapp, Robert Nesbitt and Iesha Dashiell appeal from the Superior Court's August 31, 2023 orders granting Appellee Travelers' motion to dismiss Counts I through V of their amended complaint and Crawford's motion for judgement on the pleadings.  For the reasons set forth below, we reverse the Superior Court's dismissal of Counts I and III and affirm the dismissal of Counts II and IV.

### I. BACKGROUND

¶ 2     On November 11, 2013, Appellants were injured in a motor vehicle accident on St. Thomas, Virgin Islands involving Kaseem Turnbull.  Turnbull was operating a vehicle that was rented from Budget Rent-A-Car by James Jones when it collided with a vehicle in which the Appellants were riding as passengers.  Turnbull, however, was not listed as an authorized driver under the Jones rental agreement.

¶ 3     At the time of the accident, Jones held an automobile insurance policy issued by Fidelity and Guaranty Insurance Underwriters d/b/a Travelers ("Travelers") covering his personal vehicle in New Jersey.  Following the accident, Jones submitted a claim to Travelers, which it referred to Crawford (V.I.) Inc. ("Crawford"), a claims adjuster, for evaluation of coverage under the policy.

¶ 4     On March 10, 2014, Crawford, acting on behalf of Travelers, sent a letter to Jones denying coverage for any property damage to Appellants' vehicle and any potential bodily injuries sustained by the occupants, on the grounds that Jones was not operating the Budget rental vehicle when the accident occurred.  The letter further instructed Jones to contact Travelers if he received

*Clark et al. v. Fidelity and Guaranty Insurance*     2025 VI 15
*Underwriters d/b/a Travelers et al.*
S. Ct. Civ. No. 2023-0107
Opinion of the Court
Page 3 of 13

any legal documents indicating that a civil suit had been filed against him. On the same date, Crawford issued a separate letter to Turnbull, advising that Travelers was disclaiming coverage as to him as well, reasoning that he did not meet the policy's definition of an "insured" because he was neither related to Jones nor resided in the same household as Jones.

¶ 5     Subsequently, on June 12, 2014, Appellants filed a civil action in the Superior Court of the Virgin Islands, St. Thomas – St. John District, (*Clark I*), asserting claims for damages against Turnbull and International Rental and Leasing Corporation d/b/a Budget Rent-A-Car. On August 8, 2014, Appellants amended the complaint to include Jones as a defendant, alleging that Turnbull had been operating the rental vehicle with Jones' consent. Travelers was not named as a party to the lawsuit or served with process.

¶ 6     Separately, in connection with a civil action filed by Budget Rent-A-Car against Jones in the Superior Court of New Jersey, Travelers issued a denial of coverage letter to Jones on November 3, 2015, asserting that the claims raised in the complaint were not covered under Jones' insurance policy. Consequently, Travelers declined to provide a defense or indemnification to Jones in that matter.

¶ 7     On or about February 2, 2018, the parties in *Clark I* entered into a mediated settlement agreement. As a material term of that agreement, Jones assigned to Appellants any and all legal claims he may have held against Travelers for its denial of coverage and legal defense in *Clark I*. The assignment was formally executed on August 2, 2019.

¶ 8     On July 17, 2020, Appellants filed a complaint in the Superior Court of the Virgin Islands against Travelers and Crawford in a separate action (*Clark II*). The complaint was later amended on February 20, 2021. Appellants alleged that Travelers breached its contractual obligations to

*Clark et al. v. Fidelity and Guaranty Insurance*     2025 VI 15
*Underwriters d/b/a Travelers et al.*
S. Ct. Civ. No. 2023-0107
Opinion of the Court
Page 4 of 13

Jones by refusing to defend both Jones and Turnbull in *Clark I*, and by failing to pay for damages that were allegedly covered under the applicable automobile insurance policy.

¶ 9     The Amended Complaint asserted six counts: against Travelers, Appellants alleged breach of contract (Count I), bad faith (Count II), breach of the duty of good faith and fair dealing (Count III), breach of fiduciary duty (Count IV), and sought a declaratory judgment (Count V); against Crawford, they sought a declaratory judgment (Count V) and alleged tortious interference with contractual relations (Count VI).

¶ 10    On February 24, 2021, before filing an answer to the complaint, Travelers moved to dismiss the amended complaint, arguing that all of Appellants' claims were barred by the applicable statute of limitations.  Specifically, Travelers contended that the alleged breach occurred on March 10, 2014—more than six years before the complaint was filed—and was therefore untimely.  In the alternative, Travelers argued that Appellants failed to sufficiently plead any of the asserted causes of action.  Appellants filed their opposition to the motion on June 9, 2022.  Separately, on February 22, 2021, Crawford, after filing its answer to the complaint, moved for a judgment on the pleadings.

¶ 11    On August 31, 2023, the Superior Court issued two orders: one granting Travelers' motion to dismiss and another granting Crawford's motion for judgment on the pleadings.  As to Travelers, the court dismissed Counts I and III for failure to state a claim and dismissed Counts II and IV as time barred.  The court also declined to enter declaratory judgment, finding that no justiciable controversy existed.  As to Crawford, the court found no contractual relationship with Appellants, dismissed Count VI, and similarly found declaratory judgment improper.

*Clark et al. v. Fidelity and Guaranty Insurance*     2025 VI 15
*Underwriters d/b/a Travelers et al.*
S. Ct. Civ. No. 2023-0107
Opinion of the Court
Page 5 of 13

¶ 12   On September 29, 2023, Appellants filed a timely notice of appeal.[1] Although Crawford remained listed as a party to the appeal, Appellants have not advanced any arguments challenging the judgment entered in Crawford's favor. Specifically, Appellants ask this court to review the Superior Court's dismissal of their breach of contract claims and to determine whether their claims are barred by the statute of limitations. Notably, the appeal does not seek review of the Superior Court's denial of declaratory relief.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

¶ 13   This Court has appellate jurisdiction over all appeals from the final decisions, judgments, decrees and orders of the Superior Court of the Virgin Islands. 48 U.S.C. § 1613a(d), 4 V.I.C. § 32(a). A final decision, judgment, decree, or order is one that ends the litigation on the merits and leaves nothing else for the court to do but execute the judgment. *Henneman-Todman v. O'Bryan-Johnson, Tr., Elsa D. O'Bryan Revocable Tr.*, 2025 VI 10, ¶8. Because the two Superior Court's August 31, 2023 orders collectively dismissed all claims contained in Appellants' amended complaint, it constitutes an appealable final judgment. Accordingly, this Court has jurisdiction.

¶ 14   The "trial court's application of law is subject to plenary review, while findings of fact are reviewed for clear error." *Brathwaite v. People,* 67 V.I. 609, 613 (V.I. 2017). Specifically, we review a dismissal pursuant to Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure *de novo* and therefore apply the same test the Superior Court should have utilized. *Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 175, 187 (V.I. 2009) (citing *Ballentine v. United States*, 486

---

[1] "In a civil case in which an appeal is permitted by law as of right from the Superior Court to the Supreme Court, the notice of appeal required by Rule 4 shall be filed with the Clerk of the Supreme Court within 30 days after the date of entry of the judgment or order appealed from." V.I. R. App. P. 5(a)(1).

*Clark et al. v. Fidelity and Guaranty Insurance*      2025 VI 15
*Underwriters d/b/a Travelers et al.*
S. Ct. Civ. No. 2023-0107
Opinion of the Court
Page 6 of 13

F.3d 806, 808 (3d Cir. 2007)).

## B. Motion to Dismiss

¶ 15    Appellants present two issues on appeal: (1) Whether the Superior Court erred in dismissing Appellants' amended complaint for failure to state a claim; and (2) Whether Appellants' claims are barred by the statute of limitations.[2] We address each issue in turn.

    1.    <u>Travelers' motion to dismiss for failure to state a claim.</u>

¶ 16    The Superior Court granted Travelers' motion to dismiss Counts I and III for failure to state a claim under Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure. Rule 12(b)(6) permits a party to move for dismissal of a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint, allowing dismissal at an early stage when the pleadings fail to present a viable claim, thereby avoiding unnecessary litigation. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

---

[2] Although Travelers raised a statute of limitations defense in its motion to dismiss, the Superior Court did not fully address that argument respecting the claims for breach of contract (Count I) and breach of the duty of good faith and fair dealing (Count III), instead dismissing those counts solely for failure to state a claim. On appeal, the parties dispute the applicability of the six-year limitations period set forth in 5 V.I.C. § 31(a)(3)(A) and whether the discovery rule might toll the statute of limitations based on the timing and content of Travelers' March 10, 2014 letter disclaiming coverage. *See Santiago v. V.I. Hous. Auth.*, 57 V.I. 256, 273 (V.I. 2012) (holding that the discovery rule applies where an injury or its cause is not readily apparent despite the exercise of due diligence); *Burt v. Lockheed Martin*, 2024 VI 33, ¶ 15; *United Corp. v. Hamed*, 64 V.I. 297, 306 (V.I. 2016) (noting that the application of the discovery rule generally presents a question of fact). The Superior Court did not determine the date on which Jones, as the Appellants' assignor of rights, had or should reasonably have had notice that coverage and a defense would be denied. That determination is critical to resolving the statute of limitations issue, as it directly informs whether the claims were timely filed or subject to tolling under the discovery rule. However, as an appellate court, we are "a court of review, not of first view," *Cutter v. Wilkinson*, 544 U. S. 709, 718 n.7 (2005), and we do not resolve factual disputes or make threshold determinations that were not addressed by the trial court. See *Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529, 541 (V.I. 2015) (noting that when the Superior Court enters judgment on one basis but fails to consider alternate arguments raised by the parties, this Court will ordinarily decline to address those issues in the first instance and instead direct the Superior Court to do so on remand). Because the statute of limitations as to the contract claims was not resolved by the Superior Court, and its resolution may turn on factual questions such as when Jones knew or reasonably should have known that coverage and a defense would be denied, we decline to consider that issue in the first instance.

*Clark et al. v. Fidelity and Guaranty Insurance*   2025 VI 15
*Underwriters d/b/a Travelers et al.*
S. Ct. Civ. No. 2023-0107
Opinion of the Court
Page 7 of 13

¶ 17    The Virgin Islands follows a notice-pleading standard. *See* V.I. R. CIV. P. 8(a)(2). Under this standard, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. As explained in the Reporter's Note to Rule 8(a), courts in the Virgin Islands are advised to "decline[] to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief." Rather than requiring detailed factual allegations, the complaint need only provide sufficient notice to the opposing party of the claims being asserted. *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017); *see also Metivier v. Lockheed Martin Corp.*, 77 V.I. 602, 610 (V.I. 2023) (observing that in *Mills-Williams*, this Court "hold[s] that the inclusion of language in Virgin Islands Rule of Civil Procedure 8 identifying the Virgin Islands as 'a notice pleading jurisdiction' evidence[s] an intent to reject the heightened pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), even when Virgin Islands Rule 8 was otherwise nearly word-for-word identical to Rule 8 of the Federal Rules of Civil Procedure)."

¶ 18    When ruling on a Rule 12(b)(6) motion, the court may consider only matters that are presented in the pleadings. If matters outside the pleadings are presented to and not excluded by the court, the motion must then be treated as one for summary judgement. V.I. R. CIV. P. 12(d), first sentence. There are, however, certain matters that the court may consider without converting the motion to one for summary judgment: a court may consider matters that are (1) attached to the pleadings, (2) incorporated into the pleadings by reference, or (3) of public record. *See Benjamin v. AIG Insurance Company of Puerto Rico*, 56 V.I. 558, 566 (V.I. 2012) (finding that exhibits attached to the pleadings did not constitute "matters outside the pleadings" for purposes of a motion for judgement on the pleadings); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

*Clark et al. v. Fidelity and Guaranty Insurance*        2025 VI 15
*Underwriters d/b/a Travelers et al.*
S. Ct. Civ. No. 2023-0107
Opinion of the Court
Page 8 of 13

308, 322 (2007) (explaining that courts may consider the complaint in its entirety, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice, when ruling on a Rule 12(b)(6) motion). Of course, when a Rule 12(b)(6) motion is to be treated instead as a motion for summary judgment, Rule 12(d) further requires that "[a]ll parties must be given a reasonable opportunity to present all the material [to the court] that is pertinent to the motion,"[3] so as "to avoid taking a[ny] party by surprise through th[is] conversion."[4]

¶ 19    In support of its motion to dismiss in this case, Travelers attached: (1) a March 10, 2014 letter from Crawford denying coverage, (2) a November 3, 2015 letter from Travelers declining to defend Jones in the New Jersey lawsuit, and (3) a handwritten affidavit allegedly signed by Jones, stating that Turnbull took the rental vehicle without permission.  Of these exhibits, only the March 10, 2014 letter was attached to the amended complaint and thus properly before the court at the Rule 12(b)(6) stage.

¶ 20    The November 3, 2015 letter and the handwritten affidavit were neither attached to nor referenced in the complaint, and they are not public records.  Accordingly, they do not fall within any recognized matters that would allow their consideration at the motion-to-dismiss stage.  The Superior Court was therefore required to exclude those documents in its consideration of the motion to dismiss or convert the motion to one for summary judgment pursuant to Rule 12(d).

¶ 21    In its August 31, 2023 Order, the Superior Court began its analysis by correctly recognizing that a Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits of the claims.  The court also properly acknowledged the Virgin Islands' notice-pleading standard.

---

[3] V.I. R. Civ. P. 12(d), second sentence.
[4] Fed. R. Civ. P. 12, advisory committee notes to 1946 amendment.

*Clark et al. v. Fidelity and Guaranty Insurance*  2025 VI 15
*Underwriters d/b/a Travelers et al.*
S. Ct. Civ. No. 2023-0107
Opinion of the Court
Page 9 of 13

However, instead of analyzing the claims and allegations of the complaint to determine whether it satisfied the pleading requirements of Rule 8(a) under the test for determining Rule 12(b)(6) motions,[5] the court proceeded to evaluate whether all four elements of a breach of contract claim were satisfied in the complaint—a merits-based inquiry, inappropriate at the Rule 12(b)(6) stage. *Pollara v. Chateau St. Croix, LLC*, 58 V.I. 455, 472 (V.I. 2013) (holding that the trial court erred by evaluating the merits of the claim, rather than limiting its analysis to the sufficiency of the complaint under Rule 12(b)(6)).

¶ 22    In doing so, the court found that "Kaseem Turnbull, without authorization, took the vehicle rented to James Jones and became involved in an automobile accident with Plaintiffs." (J.A. 11.) This factual determination is inconsistent with the allegations in the complaint, which explicitly alleges that Turnbull was operating the vehicle with Jones' explicit or implied consent.  While Appellants' complaint acknowledged that Travelers had taken the position that Turnbull lacked permission to operate the vehicle, they did not concede the point as fact and therefore it remained a disputed factual issue.  Accordingly, the court's finding of unauthorized use of the rented vehicle could only have been based on the handwritten affidavit submitted by Travelers—an extrinsic document that the court was not permitted to consider at the pleading stage. *Matheson v. Virgin Islands Community Bank, Corp.*, 297 F. Supp. 2d 819, 825 (D.V.I. 2003) (noting that when ruling

---

[5] Under Rule 8(a), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Mills-Williams*, 67 V.I. at 585.  In considering a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and view the evidence in the light most favorable to the non-moving party. *See In re Tutu Water Wells Contamination Litig.*, 32 F. Supp. 2d 800 (D.V.I. 1998).  Applying this standard, Appellants' amended complaint survives Rule 12(b)(6) scrutiny by adequately describing the motor vehicle accident underlying the insurance claim, appending the original *Clark I* complaint, the settlement agreement assigning Jones's rights to Appellants, the insurance declarations, and the letter sent by Crawford disclaiming coverage—thus identifying the relevant occurrences and insurance policy. The Complaint also set forth the legal theories for recovery, sufficiently putting Travelers on notice of the claims and supporting reversal of the Superior Court's dismissal. The motion to dismiss for failure to state a claim should therefore have been denied.

*Clark et al. v. Fidelity and Guaranty Insurance*     2025 VI 15
*Underwriters d/b/a Travelers et al.*
S. Ct. Civ. No. 2023-0107
Opinion of the Court
Page 10 of 13

on a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court "must consider only those facts alleged in the complaint and accept all of the allegations as true").

¶ 23     Relying on that improper factual determination, the court concluded there was no breach of contract because Travelers had allegedly fulfilled its obligations by hiring Crawford to investigate the claims and ultimately determined that there was no coverage.  This reasoning is grounded not in the well-pleaded allegations of the complaint, but in Travelers' factual assertions and exhibits presented with its motion to dismiss—particularly the handwritten affidavit and the November 3, 2015 letter—which should not have been considered without complying with the requirements of Rule 12(d).

¶ 24     Once the court decided to consider extrinsic documents outside the scope of the pleadings, it was required under Rule 12(d)[6] to convert the motion to dismiss into one for summary judgment and provide notice to the plaintiffs.  V.I. R. CIV. P. 12(d).  A motion for summary judgment is a request for the court to decide a case or issue without trial on the grounds that there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law.  V.I. R. CIV. P. 56(a).  Rather than properly converting the motion, the court proceeded as though it were ruling under Rule 12(b)(6), without providing the parties with any notice of the conversion or a fair opportunity to present additional evidence.  This procedural failure compounded the court's improper reliance on the affidavit and November 3, 2015 letter and deprived Appellants of the protections built into the summary judgment process.  *United Corp. v. Tutu Park Ltd.*, 55 V.I. 702,

---

[6] Rule 12(d) explicitly provides that if matters outside the pleadings are not excluded, the motion "must be treated as one for summary judgment under Rule 56," and all parties must be given a reasonable opportunity to present material relevant to that motion.

*Clark et al. v. Fidelity and Guaranty Insurance*  2025 VI 15
*Underwriters d/b/a Travelers et al.*
S. Ct. Civ. No. 2023-0107
Opinion of the Court
Page 11 of 13

711 (V.I. 2011) (upholding the parties' right to be heard before the court issues a *sua sponte* summary judgment ruling). The Superior Court clearly relied on matters outside the pleadings and thereby committed reversible error by failing to notify the parties or afford Appellants an opportunity to submit countervailing evidence and arguments as required by the express requirements of Rule 12(d).

2. <u>Statute of limitations on Appellants' claims for bad faith and breach of fiduciary duty.</u>

¶ 25 We now address Appellants' argument that the Superior Court erred in dismissing Counts II and IV of the amended complaint as time barred. In their amended complaint, Appellants asserted causes of action for bad faith (Count II), alleging that Travelers had no reasonable basis for its failure to perform under the insurance contract, and breach of fiduciary duty (Count IV), contending that Travelers owed a legal duty under Virgin Islands law to act with honesty and fairness, but failed to do so. In granting Travelers' motion to dismiss, the Superior Court concluded that both counts were barred by the two-year statute of limitations.

¶ 26 Although the insurer-insured relationship arises from contract, the fiduciary duties at issue here are not contractual in nature. Rather, they are independently imposed by statute. 22 V.I.C. § 2 (recognizing that insurance is affected by the public interest and imposes a duty of good faith, honesty, and fairness on both insurers and insureds to preserve the integrity of insurance relationships). As such, while actions upon a contract or related liability carry a six-year statute of limitations[7], claims for injuries to the rights of another not arising in contract are governed by the two-year limitations period.[8] Because the duties underlying Counts II and IV are imposed by

---

[7] 5 V.I.C. § 31(a)(3)(A)
[8] *Id*. at 31(a)(5)(A)

*Clark et al. v. Fidelity and Guaranty Insurance*     2025 VI 15
*Underwriters d/b/a Travelers et al.*
S. Ct. Civ. No. 2023-0107
Opinion of the Court
Page 12 of 13

law rather than derived from the insurance contract, the two-year statute of limitations applies. *See Charleswell v. Chase Manhattan Bank, N.A.*, 45 V.I. 495, 512, 515-518 (D.V.I. 2004) (holding that, regarding insurance transactions, the two-year limitations period applies to claims of bad faith and breach of fiduciary duty, which are based on statutory duties that exist independently of the contractual agreement).

¶ 27     We next consider when the statute of limitations began to run on Counts II and IV. Generally, the statute of limitations begins to run from the moment the cause of action accrues. The cause of action accrues when the essential facts giving rise to it occur. *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 230 (V.I. 2013). In cases involving a bad faith denial of insurance coverage, the limitations period accrues at the time of the insurer's initial denial of coverage. Absent any continuing unlawful acts, subsequent failures to correct the denial, do not restart or toll the limitations period. *Id.*; *See Codrington v. Steadfast Ins. Co.*, 2023 WL 6627210 (D.V.I. 2023) (unpublished) (rejecting the application of the continuing violation doctrine and holding that denial of coverage is a discrete act, not a continuing breach). As such, Travelers' denial of coverage, even if reiterated later, constitutes a singular, permanent act and not a recurring injury. Therefore, the limitations period began to run from the time of Travelers initial denial of coverage.

¶ 28     With the assignment of rights by Jones to Appellants, the Appellants stepped into the shoes of Jones, and any notice or knowledge he had of Travelers' denial to represent and defend him is imputed to them. Although a factual dispute remains as to whether the initial denial occurred via the March 10, 2014 letter from Crawford or the November 3, 2015 letter from Travelers, because Appellants did not file suit until July 17, 2020, the two-year limitations period had expired under either scenario. Accordingly, the Superior Court correctly concluded that Counts II and IV are

*Clark et al. v. Fidelity and Guaranty Insurance*     2025 VI 15
*Underwriters d/b/a Travelers et al.*
S. Ct. Civ. No. 2023-0107
Opinion of the Court
Page 13 of 13

time-barred.

¶ 29    Moreover, even if we were to measure the limitations period from the date Appellants received the assignment of rights—February 2018, following the *Clark I* settlement—the result would be the same.  The action was filed more than two years later.  We therefore affirm the dismissal of Counts II and IV.

### III. CONCLUSION

¶ 30    For the foregoing reasons, we reverse the Superior Court's dismissal of Counts I and III and remand for further proceedings consistent with this opinion.  On remand, the Superior Court is instructed to address Travelers' statute of limitations claims as to Counts I and III.  We affirm the dismissal of Counts II and IV.

**Dated this 20th day of August, 2025.**

**BY THE COURT:**
/s/ Rhys S. Hodge_____
**RHYS S. HODGE**
**Chief Justice**

**ATTEST:**
**DALILA E. PATTON, ESQ .**
**Acting Clerk of the Court**


 **By:**   /s/ Jahkyda Coakley_____
             **Deputy Clerk II**

 **Dated:**   August 20, 2025_____