**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **CHELSEA M. REGIS** ) | **CASE NO. ST-2022-CV-00127** |
| ) | |
| Plaintiff, ) | **ACTION FOR DAMAGES** |
| vs. ) | |
| ) | |
| ) | |
| **CORAL WORLD (VI), INC., and TRUDIE** ) | |
| **PRIOR** ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |
| ) | |

**2025 VI Super 41U**

**MEMORANDUM OPINION AND ORDER**

¶1 **THIS MATTER** is before the court on the following:

1. Defendants' Motion to Dismiss, pursuant to V.I. R. CIV. P. 12(b)(6), filed June 30, 2022 ("Motion");

2. Plaintiff Chelsea M. Regis' ("Regis") Opposition to Motion to Dismiss, filed August 23, 2022;

3. Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, filed September 22, 2022; and

4. Defendants' Memorandum Regarding Additional Legal Authority, filed April 6, 2023.

For the reasons outlined below, Defendants' Motion is granted as to Count III and denied as to Count I.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

¶2 Regis' claims against Defendants Coral World (VI) Inc. and Trudie Prior (collectively, "Coral World") arose from Regis' termination of employment with Coral World. On April 18, 2022, Regis filed a three-count complaint in which Regis alleges that Coral World wrongfully

**2025 VI Super 41U**

discharged Regis in violation of the Virgin Islands Wrongful Discharge Act, V.I. CODE ANN. tit. 24, § 76 (the "WDA");[1] discrimination;[2] and breach of duty of good faith and fair dealing.[3]  In her complaint, Regis alleges she began working at Coral World around 2016 and was considered an employee of Coral World to meet their local employee requirements with the Economic Development Commission.[4]  Regis further alleges she was appointed manager of a department around 2019 but was denied the same treatment as her counterparts who were white.[5]  Moreover, the complaint alleges that while a contracting company, Wildlife Trading, "was contracted to do supervision, [Regis] was jointly supervised by" Coral World and paid by Coral World.[6]  Around 2021, Wildlife ceased contracting with Coral World, and Coral World assumed complete supervision of Regis.[7]

¶3     On June 30, 2022, Coral World filed the Motion, arguing, first, that "Plaintiff was a supervisor employed by Coral World as the manager of her own department, with authority to hire, fire, purchase inventory, and direct employees of her department, as to, *inter alia*, schedule, daily duties, and work assignments."[8]  Second, Coral World argues that Plaintiff does not allege the existence of a contract … absent the existence of a contract, Plaintiff cannot state a claim for breach of good faith and fair dealing."  Therefore, Coral World argues that Counts I and III should be dismissed.

---

[1] *See* V.I. CODE ANN. tit. 24, §§ 61-79.
[2] In the Motion, the claim for discrimination was not challenged by Coral World.
[3] While the complaint labels the claim for breach of duty of good faith and fair dealing as Count II, the court notes this is a scrivener's error because there already is a Count II (discrimination).  As such, the court will consider the breach of duty of good faith and fair dealing as Count III throughout this memorandum.
[4] Compl. ¶¶ 5, 7.
[5] *Id.* at ¶ 11.
[6] *Id.* at ¶ 6.
[7] *Id.* at ¶ 8.
[8] Mot. to Dismiss 1.

**2025 VI Super 41U**

¶4    Coral World seeks to dismiss Counts I and III of the complaint, pursuant to Virgin Islands Rule of Civil Procedure 12, arguing those claims fail to state a claim upon which relief could be granted.  First, Coral World contends Count I fails because the complaint's allegations allude to Regis being a manager and not an employee.  Specifically, Coral World states that, as the manager of her own department, Regis had "authority to hire, fire, purchase inventory, and direct employees of her department as to, inter alia, schedule daily duties, and work assignments."[9]  As a manager, Coral World argues Regis cannot bring claims under the "WDA".  Second, Coral World contends Count III fails to state a claim because the complaint does not allege the existence of a contract and, without a contract, Coral World argues Regis cannot have a claim for breach of duty of good faith and fair dealing.

¶5    Regis opposes the motion to dismiss and counters that the complaint puts Coral World on notice of her claims of a violation of the WDA and a breach of duty of good faith and fair dealing.  First, Regis asserts that the information in the complaint sufficiently alleges she was employed at Coral World and was terminated;[10] and, second, the complaint sufficiently alleges that Coral World denied Regis the benefits of an employment agreement.[11]

## II.    <u>LEGAL STANDARD</u>

¶6    Pursuant to V.I. R. Civ. P. 12, a complaint will be dismissed if it fails to state a claim upon which relief could be granted.[12]  As a notice-pleading jurisdiction, under V.I. R. Civ. P. 8, a claim in the Virgin Islands is properly pled if it contains "a short and plain statement of the claim showing

---

[9] *Id.* at 1.
[10] Pl.'s Opp'n 5.
[11] *Id.* at 20.
[12] V.I. R. Civ. P. 12(b)(6).

**2025 VI Super 41U**

that the pleader is entitled to relief . . . ."[13]  The notice-pleading standard is a more liberal approach than the plausible claim standard where a complaint may still sufficiently put a defendant on notice even if it is "vague, inartfully drafted, a bare-bones outline, or not a model of specificity."[14]  To survive a Rule 12(b)(6) motion, the pleading party "need only provide sufficient notice to the opposing party of the claims being asserted."[15]  Accordingly, given that the court is not considering the merits or strength of claims asserted in the complaint in a Rule 12(b)(6) motion, the scope of its analysis is, generally, limited to the matters presented through the pleading(s).[16]

### III.  ANALYSIS

¶7      The issues before the court are whether the complaint asserts sufficient allegations to put Coral World on notice of Regis' claims of violation of the WDA and of breach of duty of good faith and fair dealing.

> **A.  The complaint sufficiently alleges that Regis was employed then wrongfully discharged by Coral World, putting Coral World on notice of her claim of a violation of the WDA.**

¶8      Pursuant to the WDA, an employee is considered to have been wrongfully discharged when the employee is discharged for reasons other than those stated in 24 V.I.C. § 76(a).  As such, to state a claim under Section 76, a plaintiff is only required to plead that their employer wrongfully discharged them.[17]  However, the definition of an "employee" for purposes of the WDA "does not

---

[13] V.I. R. CIV. P. 8(a)(2).
[14] *Compare Basic Servs., Inc. v. Gov't of V.I.*, 2019 VI 21, ¶¶ 10, 12 (applying the notice-pleading standard) (citing *Casaday v. Allstate Ins. Co.*, 2010 UT App 82, ¶ 16) (cleaned up), *with Joseph v. Bureau of Corrections*, 54 V.I. 644, 649 (V.I. 2011) (applying the plausibility standard) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[15] *Clark v. Fidelity & Guaranty Insurance Underwriters*, 2025 VI 15, ¶ 17.
[16] *Clark*, ¶ 18; *Nigg v. Marriot Hotel Management Company (Virgin Islands)*, 2025 VI Super 5, ¶ 6.
[17] *Rennie v. Hess Oil Virgin Islands Corp.*, 62 V.I. 529, 544 (V.I. 2015).

include . . . any individual employed in a bona fide position in an executive or professional capacity

. . . ."[18] In short, a bona fide executive is not afforded the protection of the WDA.[19]

¶9      Here, Coral World argues that Count I must be dismissed because it fails to state a claim upon which relief could be granted; namely, Coral World contends the complaint alleges that Regis was a manager of a department at Coral World and, thus, Regis does not qualify for the protections under the WDA.[20] Moreover, Coral World argues that Regis is excluded from the WDA because she was acting in an executive capacity at Coral World. Coral World relies on the definition of "supervisor" under the National Labor Relations Act to argue that Regis meets the definition and is not entitled to the safeguards under the WDA. Regis counters that the complaint alleges adequate facts to state a claim for relief under the WDA, pleading that she was an employee of Coral World and that she was wrongfully fired. Further, Regis asserts there are insufficient facts established to find that Regis acted in an executive capacity.

¶10      A matter that is in the Rule 12(b)(6) stage is in the early phases of the proceeding because a Rule 12(b)(6) motion must be made before a responsive pleading is filed.[21] While there are allegations in the complaint that allude to Regis being made manager, there are other allegations asserting she was not regarded or authorized to act as one. Moreover, Regis' salary, duties, and extent of her authority are unknown.[22] It is unclear – based on the complaint's allegations, considered as true assertions – whether Regis acted or had the authority to act in an executive or professional capacity. Accordingly, given the lack of evidence at this stage, whether Regis is an

---

[18] 24 V.I.C. § 62.
[19] *Bryan v. Wenhaven, Inc.*, 2023 VI Super 77U, ¶ 31.
[20] Defs.' Mem. in Supp. of Mot. to Dismiss 4-7.
[21] *See* V.I. R. CIV. P. 12(b).
[22] *See Bryan v. Wenhaven, Inc.*, 2020 VI Super 85U, ¶ 15.

employee or a supervisor is a factual inquiry that is not suited for a motion to dismiss for failure to state a claim.[23]  Therefore, at this juncture, the court finds that Regis has successfully put Coral World on notice of her claim of a violation of the WDA.

> **B.** **The complaint does not allege sufficient facts concerning Coral World's conduct being inconsistent with Regis' contracted expectations to put Coral World on notice of Regis' claim of breach of duty of good faith and fair dealing.**

¶11     The duty of good faith and fair dealing limits a party's "ability to act unreasonably in contravention of the other party's reasonable expectations."  *Chapman v. Cornwall*, 58 V.I. 431, 441 (V.I. 2013).  The duty is, generally, an implied covenant within a contract, which requires the existence of a contract.  *Gardiner v. St. Croix Dist. Governing Bd. of Dirs.*, 2019 VI Super 59U, ¶ 20.  As such, to state a proper claim for breach of duty good faith and fair dealing "a party must allege that, in the performance or enforcement of an existing contract between two parties, the opposing party engaged in conduct that was fraudulent, deceitful, or otherwise inconsistent with the purpose of the agreement or the reasonable expectations of the parties."[24]

¶12     On the one hand, Coral World argues the complaint is devoid of allegations regarding the existence of a contract, and, without a contract, there cannot be a claim for a breach of duty of good faith and fair dealing.[25]  On the other hand, Regis contends that she pled she worked at Coral World for five years, went on maternity leave around October 2021, and was terminated by Coral World during her maternity leave.  In essence, Regis asserts the complaint's allegations describe

---

[23] *Id.* (finding that defendant's "argument with respect to the [plaintiff] being an executive and, therefore, exempt from the WDA is more appropriate for a Motion for Summary Judgment after the discovery process has occurred.").

[24] *Agueda v. Marcano*, 2024 VI 22, ¶ 38; *see Chapman*, 58 V.I. at 441 (stating that a breach of the duty "requires proof of acts amounting to fraud or deceit on the part of the employer").

[25] Defs.' Mem. in Supp. of Mot. to Dismiss 8.

**2025 VI Super 41U**

a claim for breach of duty of good faith and fair dealing and support the claim that Defendants denied Regis the benefit of their employment agreement and the maternity leave she earned.[26]

¶13 The court finds the complaint does not state a claim for breach of duty of good faith and fair dealing upon which Regis can be granted relief. The complaint does not allege that Regis and Coral World entered into a contractual agreement; indeed, the complaint only states that, around September 2021, Wildlife Trading ceased contracting with Coral World and Coral World then had sole supervision over Regis.[27] Crucially, the complaint does not allege any terms of a contract, imposing a duty on Coral World, that would contravene Regis' "reasonable expectations." The complaint fails to state a claim of breach of duty of good faith and fair dealing because it does not put Coral World on notice of the expectations Regis "originally bargain[ed]"[28] and of Coral World's contravening actions against those expectations.

## IV.    CONCLUSION

¶14 The complaint pleads, *inter alia*, claims against Coral World for violation of the WDA and breach of duty of good faith and fair dealing. Coral World seeks to dismiss those claims for failure to state a claim upon which relief could be granted to Regis. Specifically, Coral World argues that Regis is not, by definition, an employee and thus, is not protected by the WDA; and that there cannot be a breach of duty of good faith and fair dealing without the existence of a contract, which Coral World denies there is.

¶15 The court finds the complaint sufficiently states a claim for violation of the WDA; Regis provides allegations demonstrating that she was employed by Coral World and was discharged.

---

[26] Pl.'s Opp'n 19-20.

[27] Compl. ¶ 8.

[28] *See Agueda*, ¶ 38 ("The implied duty of good faith and fair dealing is limited by the original bargain . . . .").

**2025 VI Super 41U**

The court also finds the complaint lacks allegations to state a claim for breach of duty of good faith and fair dealing; the complaint's allegations do not put Coral World on notice of the terms Regis reasonably expected to be afforded and how Coral World contravened those expectations. Therefore, the court will deny the motion to dismiss as to Count I and will grant the motion to dismiss as to Count III. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED, in part, and DENIED, in part**; it is further

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED as to Count III, and DENIED as to Count I**; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

DATE: November 25, 2025

_____
HONORABLE SIGRID M. TEJO
Superior Court of the Virgin Islands

ATTEST:

TAMARA CHARLES
Clerk of the Court

BY: _____

for LATOYA CAMACHO
Court Clerk Supervisor  11 / 26 / 2025